**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **4/16**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Orchids Paper Products Company** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **23-2956944** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **201 Summit View Drive, Suite 110 Brentwood, TN 37027** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Williamson** | Location of principal assets, if different from principal place of business |
| County | **4826 Hunt Street Pryor, OK 74361** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **www.orchidspaper.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Orchids Paper Products Company**
_____
Name

Case number (*if known*) _____

**7.    Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    3222

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| Debtor | **See Attachment** | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor  **Orchids Paper Products Company**                    Case number (*if known*) _____
_____
Name

**11. Why is the case filed in *this district?***    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor    **Orchids Paper Products Company**                                           Case number (*if known*) _____
_____
Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 1, 2019**
                MM / DD / YYYY

X **/s/ Richard S. Infantino**                            **Richard S. Infantino**
_____          _____
Signature of authorized representative of debtor           Printed name

Title    **Interim Chief Strategy Officer**
_____

**18. Signature of attorney**

X **/s/ Christopher A. Ward**                     Date    **April 1, 2019**
_____                  _____
Signature of attorney for debtor                          MM / DD / YYYY

**Christopher A. Ward**
_____
Printed name

**Polsinelli PC**
_____
Firm name

**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801**
_____
Number, Street, City, State & ZIP Code

Contact phone    **(302) 252-0920**          Email address    **cward@polsinelli.com**
_____

**3877 DE**
_____
Bar number and State

Debtor   **Orchids Paper Products Company**
Name

Case number (*if known*) _____

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____   Chapter   **11**

☐ Check if this an
amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| Debtor | **Orchids Lessor SC, LLC** | | Relationship to you | **Affiliate** |
| --- | --- | --- | --- | --- |
| District | **Delaware** | When **4/01/19** | Case number, if known | |
| Debtor | **Orchids Paper Products Company of South Carolina** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When **4/01/19** | Case number, if known | |

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re  **Orchids Paper Products Company**

Debtor(s)

Case No. _____

Chapter    **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-32596**  .

2. The following financial data is the latest available information and refers to the debtor's condition on   **2/28/2019**  .

 a. Total assets                                                                          $              **322,061,000.00**

 b. Total debts (including debts listed in 2.c., below)                       $              **260,864,000.00**

 c. Debt securities held by more than 500 holders:

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |

 d. Number of shares of preferred stock                                        0                          0

 e. Number of shares common stock                         10,670,348                        175

  Comments, if any:

3. Brief description of Debtor's business:
  **Orchids Paper is a leading manufacturer of paper towels, bath tissue, and paper napkins. Orchids Paper provides a range of products, including AFH (Away from Home), branded, and private label, in retail and commercial markets.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
  **BML Investment Partners, L.P.**

**Fill in this information to identify the case:**

Debtor name   **Orchids Paper Products Company**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **List of Equity Security Holders**
                                                 **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 1, 2019**              X **/s/ Richard S. Infantino**
                                             Signature of individual signing on behalf of debtor

                                             **Richard S. Infantino**
                                             Printed name

                                             **Interim Chief Strategy Officer**
                                             Position or relationship to debtor

Fill in this information to identify the case:

Debtor name    **Orchids Paper Products Company   , et al.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Brenntag Southwest Inc.**<br>**5702 E. Channel Road**<br>**Catoosa, OK 74015** | **gholmes@brennta g.com**<br>**918-245-6666** | **Trade debt** | | | | **$44,068.00** |
| **Cellmark Paper Inc.**<br>**80 Washington St**<br>**Norwalk, CT 06854** | **dominick.merole@ cellmark.com**<br>**203-251-9026** | **Trade debt** | | | | **$200,653.00** |
| **Chem Treat Inc.**<br>**15045 Collections Center Drive**<br>**Chicago, IL 60693** | **cs_orders@chemtr eat.com**<br>**918-376-9717** | **Trade debt** | | | | **$201,049.00** |
| **CMPC USA, Inc.**<br>**1040 Crown Pointe Parkway**<br>**Suite 950**<br>**Atlanta, GA 30338** | **barrym@lfpcorp.co m**<br>**770-551-2648** | **Trade debt** | | | | **$445,218.00** |
| **Dixie Pulp & Paper**<br>**101 Marina Drive**<br>**Tuscaloosa, AL 35406** | **claird@dixiepaper. com**<br>**205-759-2600** | **Trade debt** | | | | **$1,646,563.00** |
| **Fabio Perini North America, Inc.**<br>**3060 South Ridge Road**<br>**Green Bay, WI 54304** | **tonia.kielpikowski @fabioperini.com**<br>**920-336-5000** | **Trade debt** | | | | **$57,314.00** |
| **Fabrica De Papel San Francisco, S.A.**<br>**237 Rockwood Ave Suite 120**<br>**Calexico, CA 92231** | **mariano.robles@pa pelsanfrancisco.co m**<br>**877-567-1789** | **Trade debt** | | | | **$4,395,044.00** |
| **Green Bay Packaging**<br>**1700 N Webster Court**<br>**Green Bay, WI 54302** | **jbarta@gbp.com**<br>**918-446-3341** | **Trade debt** | | | | **$195,356.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    **Orchids Paper Products Company, et al.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Henkel Adhesives 1 Henkel Way Rocky Hill, CT 06067-3581** | **bill.beaton@henkel.com 888-480-1171** | **Trade debt** | | | | **$121,978.00** |
| **Little Rapids Corp. 2273 Larson Drive Green Bay, WI 54303** | **bburatti@littlerapids.com 360-335-0537** | **Trade debt** | | | | **$1,204,994.00** |
| **M3 Construction, Inc. 432 East 50th Street Savannah, GA 31405** | **heather.overturf@m3gc.com 800-912-6173** | **Trade debt** | | | | **$56,875.00** |
| **Motion Industries 13685 E. 61st Street Broken Arrow, OK 74012** | **tammy.gomillion@motion-ind.com 918-459-6919** | **Trade debt** | | | | **$278,066.00** |
| **Packaging Corporation of America 3200 Lakewood Avenue, SW Atlanta, GA 30344** | **dburger@packagingcorp.com 803-405-6316** | **Trade debt** | | | | **$196,611.00** |
| **Peco Pallet, Inc. 2990 Momentum Place Chicago, IL 60689-5329** | **faguirre@pecopallet.com 914-376-5444** | **Trade debt** | | | | **$60,932.00** |
| **Quality Plus Services Inc. 2929 Quality Drive Petersburg, VA 23805** | **stevenb1@qpsisbest.com 804-863-0191** | **Trade debt** | | | | **$206,957.00** |
| **Rexel USA Inc. 14951 Dallas Parkway Dallas, TX 75254** | **blaine.howard@rexelusa.com 918-647-8185** | **Trade debt** | | | | **$56,352.00** |
| **Solenis LLC 3 Beaver Valley Road Suite 500 Wilmington, DE 19803** | **nchoruzy@solenis.com 318-652-1229** | **Trade debt** | | | | **$202,665.00** |
| **Sun Chemical Corporation 5000 Spring Grove Avenue Cincinnati, OH 45232** | **arremit@sunchemical.com 866-786-8144** | **Trade debt** | | | | **$101,772.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor  **Orchids Paper Products Company, et al.**  Case number *(if known)* _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **TMC North America Inc.**<br>**3116 North Pointer Road**<br>**Appleton, WI 54911-8602** | **info@tmcna.com**<br>**920-830-9723** | **Trade debt** | | | | **$102,390.00** |
| **Trebor Inc.**<br>**100 Matawan Road Suite 220**<br>**Matawan, NJ 07747** | **pstairiker@trebor.c om**<br>**732-335-4255** | **Trade debt** | | | | **$135,600.00** |

Official form 204       Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims       page 3

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| BRADEN M LEONARD (BML INVESTMENT PARTNERS, L.P.) | 156 SOUTH FIRST STREET<br>ZIONSVILLE, IN 46077<br>US | Common Stock | Greater than 5% |
| LADENBURG THALMANN FINANCIAL SERVICES INC. | 4400 BISCAYNE BOULEVARD<br>12TH FLOOR<br>MIAMI, FL 33137<br>US | Common Stock | Less than 5% |
| VIRTU FINANCIAL LLC | 645 MADISON AVENUE<br>16TH FLOOR<br>NEW YORK, NY 10022<br>US | Common Stock | Less than 5% |
| LMR PARTNERS LLP | 55 NEW BOND STREET<br>1ST FLOOR<br>LONDON W1S 1DG<br>UK | Common Stock | Less than 5% |
| GEODE CAPITAL MANAGEMENT, LLC | ONE POST OFFICE SQUARE<br>20TH FLOOR<br>BOSTON, MA 02109-2804<br>US | Common Stock | Less than 5% |
| LPL FINANCIAL LLC | 75 STATE STREET<br>24TH FLOOR<br>BOSTON, MA 2109<br>US | Common Stock | Less than 5% |
| ALPINE GLOBAL MANAGEMENT, LLC | 140 BROADWAY<br>38TH FLOOR<br>NEW YORK, NY 10005<br>US | Common Stock | Less than 5% |
| D. E. SHAW & CO., INC | 120 WEST 45TH STREET, TOWER 45<br>39TH FLOOR<br>NEW YORK, NY 10036<br>US | Common Stock | Less than 5% |
| DIMENSIONAL FUND ADVISORS LP | DIMENSIONAL PLACE 6300 BEE CAVE ROAD<br>BUILDING ONE<br>AUSTIN, TX 78746<br>US | Common Stock | Less than 5% |
| DEUTSCHE BANK AG\ | TAUNUSANLAGE 12<br>FRANKFURT AM MAIN<br>HESSEN 60325<br>GERMANY | Common Stock | Less than 5% |
| CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM | LINCOLN PLAZA EAST 400 Q STREET<br>ROOM 1820<br>SACRAMENTO, CA 95811<br>US | Common Stock | Less than 5% |
| PINNACLE HOLDINGS, LLC | 233 SOUTH DETROIT AVENUE<br>SUITE 100<br>TULSA, OK 74120<br>US | Common Stock | Less than 5% |
| FINANCIAL GRAVITY WEALTH, INC. | 800 NORTH WATTERS ROAD<br>SUITE 120<br>ALLEN, TX 75013<br>US | Common Stock | Less than 5% |
| FINANCIAL GRAVITY COMPANIES, INC. | 800 NORTH WATTERS ROAD<br>SUITE 150<br>ALLEN, TX 75013<br>US | Common Stock | Less than 5% |
| BRANDYWINE GLOBAL INVESTMENT MANAGEMENT, LLC | 1735 MARKET STREET<br>SUITE 1800<br>PHILADELPHIA, PA 19103<br>US | Common Stock | Less than 5% |
| INVESCO LTD. | TWO PEACHTREE POINTE - 1555 PEACHTREE STREET<br>SUITE 1800<br>ATLANTA, GA 30309<br>US | Common Stock | Less than 5% |
| FIRST WILSHIRE SECURITIES MANAGEMENT INC | 1214 EAST GREEN STREET<br>SUITE 200<br>PASADENA, CA 91106<br>US | Common Stock | Less than 5% |
| ADVISOR GROUP, INC. | 2800 NORTH CENTRAL AVENUE<br>SUITE 2100<br>PHOENIX, AZ 85392<br>US | Common Stock | Less than 5% |
| SIMPLEX TRADING, LLC | 230 S. LASALLE ST.<br>SUITE 4-100<br>CHICAGO, IL 60604<br>US | Common Stock | Less than 5% |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| ASSET DEDICATION, LLC | 220 MONTGOMERY STREET<br>SUITE 450<br>SAN FRANCISCO, CA 94104<br>US | Common Stock | Less than 5% |
| EQIS CAPITAL MANAGEMENT, INC. | 1299 4TH STREET<br>SUITE 502<br>SAN RAFAEL, CA 94901<br>US | Common Stock | Less than 5% |
| VANGUARD GROUP INC | 100 VANGUARD BOULEVARD<br>V26<br>MALVERN, PA 19355<br>US | Common Stock | Less than 5% |
| IFP ADVISORS, INC | 3030 NORTH ROCKY POINT DRIVE<br>WEST SUITE 700<br>TAMPA, FL 33607<br>US | Common Stock | Less than 5% |
| BANK OF AMERICA CORP /DE/ | BOFA CORPORATE CENTER - 100 NORTH TRYON STREET<br>CHARLOTTE, NC 28255<br>US | Common Stock | Less than 5% |
| BANK OF MONTREAL /CAN/ | 129 RUE SAINT JACQUES<br>MONTREAL, QC H2Y 1L6<br>CANADA | Common Stock | Less than 5% |
| BANK OF NEW YORK MELLON CORP | 240 GREENWICH STREET<br>NEW YORK, NY 10286<br>US | Common Stock | Less than 5% |
| BARCLAYS PLC | 1 CHURCHILL PLACE<br>LONDON E14 5HP<br>UK | Common Stock | Less than 5% |
| BLACKROCK INC. | 55 EAST 52ND STREET<br>NEW YORK, NY 10055<br>US | Common Stock | Less than 5% |
| BNP PARIBAS ARBITRAGE, SA | 555 CROTON ROAD<br>KING OF PRUSSIA, PA 19046<br>US | Common Stock | Less than 5% |
| BOSTON PARTNERS | ONE BEACON STREET, 30TH FLOOR<br>BOSTON, MA 02108 | Common Stock | Less than 5% |
| CITIGROUP INC | 388 GREENWICH STREET<br>NEW YORK, NY 10013<br>US | Common Stock | Less than 5% |
| CREATIVE FINANCIAL DESIGNS INC /ADV | 2704 S. GOYER RD<br>KOKOMO, IN 46902<br>US | Common Stock | Less than 5% |
| HUNTINGTON NATIONAL BANK | 16531 BOLSA CHICA STREET<br>HUNTINGTON BEACH, CA 92649<br>US | Common Stock | Less than 5% |
| INVESTORS RESEARCH CORP | 1636 LOGAN STREET<br>DENVER, CO 80203<br>US | Common Stock | Less than 5% |
| MANUFACTURERS LIFE INSURANCE COMPANY, THE | 200 BLOOR STREET EAST<br>TORONTO, ON M4W 1E5<br>CANADA | Common Stock | Less than 5% |
| MORGAN STANLEY | 1585 BROADWAY<br>NEW YORK, NY 10036<br>US | Common Stock | Less than 5% |
| MUTUAL OF AMERICA CAPITAL MANAGEMENT LLC | 320 PARK AVENUE<br>NEW YORK, NY 10022<br>US | Common Stock | Less than 5% |
| NJ STATE EMPLOYEES DEFERRED COMPENSATION PLAN | 57 US HIGHWAY 1<br>NEW BRUNSWICK, NJ 08901-8554 | Common Stock | Less than 5% |
| NORTHERN TRUST CORP | 50 SOUTH LA SALLE STREET<br>CHICAGO, IL 60603<br>US | Common Stock | Less than 5% |
| OXFORD ASSET MANAGEMENT LLP | OXAM HOUSE - 6 GEORGE STREET<br>OXFORD OX1 2BW<br>UK | Common Stock | Less than 5% |
| PALOMA PARTNERS MANAGEMENT CO | TWO AMERICAN LANE<br>GREENWICH, CT 06836-2571<br>US | Common Stock | Less than 5% |
| PROEQUITIES, INC. | 2801 HIGHWAY 280 SOUTH<br>BIRMINGHAM, AL 35223<br>US | Common Stock | Less than 5% |
| RAYMOND JAMES & ASSOCIATES | 880 CARILLON PARKWAY<br>ST. PETERSBURG, FL 33716-1102<br>US | Common Stock | Less than 5% |
| ROYAL BANK OF CANADA | 200 BAY STREET<br>TORONTO, ON M5J 2J5<br>CANADA | Common Stock | Less than 5% |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| SOUND INCOME STRATEGIES, LLC | 6550 NORTH FEDERAL HWY 510<br>FORT LAUDERDALE, FL 33308-1417<br>US | Common Stock | Less than 5% |
| UBS GROUP AG | BAHNHOFSTRASSE 45 PO BOX<br>ZURICH 8001<br>SWITZERLAND | Common Stock | Less than 5% |
| DAWN PAGLIARO | 500 COLONIAL CENTER PKWY<br>#100<br>LAKE MARY , FL 32746<br>US | Common Stock | |
| ISSUER SERVICES | C/O BROADRIDGE<br>51 MERCEDES WAY<br>EDGEWOOD , NY 11717<br>US | Common Stock | |
| KIM NIEDING | 901 EAST CARY ST<br>11TH FLOOR<br>RICHMOND , VA 23219<br>US | Common Stock | |
| MARCIN BIEGANSKI | 14201 DALLAS PKWY<br>12TH FL CORP ACTIONS DEPT<br>DALLAS , TX 75254<br>US | Common Stock | |
| RONALD FIGUERAS | 3 SECOND ST.<br>12TH FLOOR, HARBORSIDE PLAZA 10<br>JERSEY CITY, NJ 07302<br>US | Common Stock | |
| JOHN ROSENBACH | 1271 AVENUE OF THE AMERICAS<br>14TH FLOOR<br>NEW YORK , NY 10020<br>US | Common Stock | |
| GW&K INVESTMENT MANAGEMENT, LLC | 222 BERKELEY STREET<br>15TH FLOOR<br>BOSTON, MA 02116<br>US | Common Stock | |
| JAN SUDFELD | 777 E. WISCONSIN AVENUE<br>19TH FLOOR<br>MILWAUKEE , WI 53202<br>US | Common Stock | |
| ROBERT MATERA | 1525 WW T HARRIS BLVD<br>1ST FLOOR<br>CHARLOTTE , NC 28262-8522<br>US | Common Stock | |
| MARK F. GRESS | C/O MEDIANT COMMUNICATIONS INC<br>200 REGENCY FOREST DRIVE<br>CARY , NC 27518<br>US | Common Stock | |
| FRONTIER CAPITAL MANAGEMENT CO., LLC | 99 SUMMER STREET<br>20TH FLOOR<br>BOSTON, MA 02110<br>US | Common Stock | |
| LUISA DOMINGUES | 40 KING STREET<br>23RD FLOOR<br>TORONTO, ON M5H 1H1<br>CANADA | Common Stock | |
| LILIAN NIE | 40 KING STREET W<br>23RD FLOOR<br>TORONTO, ON M5H 1H1<br>CANADA | Common Stock | |
| DANIEL HANUKA | 140 BROADWAY<br>29TH FLOOR<br>NEW YORK , NY 10005<br>US | Common Stock | |
| BRIAN DARBY | ONE DALLAS CENTER<br>350 M. ST. PAUL SUITE 1300<br>DALLAS , TX 75201<br>US | Common Stock | |
| YOUSUF AHMED | 77 BLOOR STREET WEST<br>3RD FLOOR<br>TORONTO, ON M4Y 2T1<br>CANADA | Common Stock | |
| CADENCE CAPITAL MANAGEMENT, LLC | 265 FRANKLIN STREET<br>4TH FLOOR<br>BOSTON, MA 02110-3113<br>US | Common Stock | |
| LINDA THOMPSON | 111 CENTER STREET<br>4TH FLOOR<br>LITTLE ROCK, AR 72201-4402<br>US | Common Stock | |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| TONIE MONTGOMERY | 1100 ABERNATHY ROAD<br>500 NORTHPARK BUILDING SUITE 400<br>ATLANTA , GA 30328<br>US | Common Stock | |
| ISSUER SERVICES | C/O BROADRIDGE<br>51 MERCEDES WAY<br>EDGEWOOD , NY 11717<br>US | Common Stock | |
| GREGORY CONTALDI | 1000 HARBOR BLVD<br>5TH FLOOR<br>WEEHAWKEN , NJ 07086<br>US | Common Stock | |
| GREGORY CONTALDI | 1000 HARBOR BLVD<br>5TH FLOOR<br>WEEHAWKEN , NJ 07086<br>US | Common Stock | |
| MICHELLE FORD | 901 SOUTH BOND ST<br>6TH FL<br>BALTIMORE, MD 21231<br>US | Common Stock | |
| MANULIFE ASSET MANAGEMENT, LTD | 200 BLUR STREET EAST NORTH TOWERS<br>6TH FLOOR<br>TORONTO, ON M4W 1E5<br>CANADA | Common Stock | |
| JOHN BARRY | 1300 THAMES ST<br>6TH FLOOR<br>BALTIMORE, MD 21231<br>US | Common Stock | |
| GIOVANNA LAURELLA | 70 HUDSON STREET<br>7TH FLOOR<br>JERSEY CITY, NJ 07302<br>US | Common Stock | |
| ISSUER SERVICES | C/O MEDIANT COMMUNICATION<br>8000 REGENCY PARKWAY<br>CARY, NC 27518<br>US | Common Stock | |
| ASHLEY THEOBALD | 8180 GREENSBORO DRIVE<br>8TH FLOOR<br>MCLEAN , VA 22102<br>US | Common Stock | |
| TONY LAGAMBINA | ONE M&T PLAZA<br>8TH FLOOR<br>BUFFALO , NY 14203<br>US | Common Stock | |
| D.E. SHAW & COMPANY, L.P. | 1166 AVENUE OF THE AMERICAS<br>9TH FLOOR<br>NEW YORK, NY 10036<br>US | Common Stock | |
| SHARON BROWN | 1201 MAIN STREET<br>9TH FLOOR<br>DALLAS , TX 75202<br>US | Common Stock | |
| RONALD PERSAUD | 525 WASHINGTON BLVD<br>9TH FLOOR<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| RUSSELL YAP | 525 WASHINGTON BLVD<br>9TH FLOOR<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| RYAN CHISLETT | 801 S CANAL STREET<br>ATTN: CAPITAL STRUCTURES-C1N<br>CHICAGO , IL 60607<br>US | Common Stock | |
| PAUL WATTERS | 3801 CITIBANK CENTER<br>B/3RD FLOOR/ZONE 12<br>TAMPA , FL 33610<br>US | Common Stock | |
| ANITA BACTAWAR | 1 NORTH LEXINGTION AVE<br>C/O RIDGE<br>WHITE PLAINS, NY 10601<br>US | Common Stock | |
| JOHN FAY | 500 STANTON CHRISTIANA ROAD, OPS 4<br>FLOOR: 03<br>NEWARK, DE 19713-2107<br>US | Common Stock | |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| SACHIN GOYAL | 500 STANTON CHRISTIANA ROAD, OPS 4<br>FLOOR 02<br>NEWARK , DE 19713-2107<br>US | Common Stock | |
| SACHIN GOYAL | 500 STANTON CHRISTIANA ROAD, OPS 4<br>FLOOR 02<br>NEWARK , DE 19713<br>US | Common Stock | |
| ANTHONY MILO | 7033 LOUIS STEVENS DRIVE<br>GLOBAL PROXY SERVICES<br>RESEARCH TRIANGLE PARK , NC 27560<br>US | Common Stock | |
| MATT BUETTNER | 2801 MARKET STREET<br>H0006-09B<br>ST. LOUIS , MO 63103<br>US | Common Stock | |
| DFA AUSTRALIA, LTD | GATEWAY 1 MACQUARIE PLACE<br>LEVEL 43<br>SYDNEY, NSW 2000<br>AUSTRALIA | Common Stock | |
| LANCE WELLS | 5001 KINGSLEY DRIVE<br>MAIL DROP 1MOB2D<br>CINCINNATI , OH 45227<br>US | Common Stock | |
| JUANITA NICHOLS | 8800 TINICUM BLVD<br>MAILSTOP F6-F266-02-2<br>PHILADELPHIA , PA 19153<br>US | Common Stock | |
| DEAN GALLI | AD. D. JOAO II<br>N.49<br>LISBON , 1988-028<br>PORTUGAL | Common Stock | |
| CHRIS WIEGAND | 501 N BROADWAY<br>ONE FINANCIAL PLAZA<br>ST LOUIS , MO 63102<br>US | Common Stock | |
| LOUISE TORANGEAU | 1 FIRST CANADIAN PLACE 13TH FL<br>P. 0.  BOX 150<br>TORONTO, ON M5X 1H3<br>CANADA | Common Stock | |
| KAREN OLIVERES | 200 BAY STREET, 6TH FLOOR<br>ROYAL BANK PLAZA NORTH TOWER<br>TORONTO, ON M5J 2W7<br>CANADA | Common Stock | |
| SARA BATTEN | 5022 GATE PARKWAY<br>SUITE 100<br>JACKSONVILLE , FL 32256<br>US | Common Stock | |
| KEN  SIMPSON | 2 PERIMETER PARK SOUTH<br>SUITE 100W<br>BIRMINGHAM , AL 35243<br>US | Common Stock | |
| VERONIQUE LEMIEUX | 1060 UNIVERSITY STREET<br>SUITE 101<br>MONTREAL, PQ H5B 5L7<br>Canada | Common Stock | |
| BILIANA STOIMENOVA | 1700 PACIFIC AVENUE<br>SUITE 1400<br>DALLAS , TX 75201<br>US | Common Stock | |
| KEVIN MURPHY | 660 S. FIGUEROA STREET<br>SUITE 1450<br>LOS ANGELES , CA 90017<br>US | Common Stock | |
| JENNIFER MAY | 525 WILLIAM PENN PLACE<br>SUITE 153-0400<br>PITTSBURGH , PA 15259<br>US | Common Stock | |
| HOWARD FLAXER | 3501 QUADRANGLE BLVD<br>SUITE 200<br>ORLANDO , FL 32817<br>US | Common Stock | |
| JESSE W. SPROUSE | 8006 DISCOVERY DRIVE<br>SUITE 200<br>RICHMOND , VA 23229<br>US | Common Stock | |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| ANGELA HANDELAND | 400 1ST STREET SOUTH<br>SUITE 300<br>ST. CLOUD , MN 56301<br>US | Common Stock | |
| STEPHANIE KAPTA | 1555 N RIVERCENTER DRIVE<br>SUITE 302<br>MILWAUKEE , WI 53212<br>US | Common Stock | |
| RHONDA JACKSON | 1201 ELM STREET<br>SUITE 3500<br>DALLAS , TX 75270<br>US | Common Stock | |
| MELLON INVESTMENTS CORPORATION | 50 FREMONT STREET<br>SUITE 3900<br>SAN FRANCISCO, CA 94105<br>US | Common Stock | |
| ANH MECHALS | 9300 UNDERWOOD AVENUE<br>SUITE 400<br>OMAHA, NE 68114<br>US | Common Stock | |
| DAVID BIALER | 8050 SW 10TH STREET<br>SUITE 400<br>PLANTATION , FL 33324<br>US | Common Stock | |
| ADVISORY RESEARCH, INC. | TWO PRUDENTIAL PLAZA - 180 NORTH STETSON AVE<br>SUITE 5500<br>CHICAGO, IL 60601<br>US | Common Stock | |
| INVESCO CAPITAL MANAGEMENT, LLC | 3500 LACEY ROAD<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br>US | Common Stock | |
| LUKE HOLLAND | 1200 LANDMARK CENTER<br>SUITE 800<br>OMAHA, NE 68102<br>US | Common Stock | |
| KIM VILARA | 175 W. JACKSON BLVD<br>SUITE400<br>CHICAGO , IL 60605<br>US | Common Stock | |
| THE VANGUARD GROUP, INC. | 100 VANGUARD BOULEVARD<br>V26<br>MALVERN, PA 19355<br>US | Common Stock | |
| ANNA MEDEIROS | 1010 DE LA GAUCHETIERE<br>MONTREAL, BC H3B 5J2<br>CANADA | Common Stock | |
| BLACKROCK FUND ADVISORS | 400 HOWARD STREET<br>SAN FRANCISCO, CA 94105<br>US | Common Stock | |
| BML CAPITAL MANAGEMENT, LLC | 156 SOUTH FIRST STREET<br>ZIONSVILLE, IN 46077<br>US | Common Stock | |
| GAMCO ASSET MANAGEMENT, INC. | ONE CORPORATE CENTER<br>RYE, NY 10580-1422<br>US | Common Stock | |
| J.P. MORGAN INVESTMENT MANAGEMENT, INC. | 270 PARK AVENUE<br>NEW YORK, NY 10017-2014<br>US | Common Stock | |
| LORD, ABBETT & CO., LLC (ASSET MANAGEMENT) | 90 HUDSON STREET<br>JERSEY CITY, NJ 07302-3973<br>US | Common Stock | |
| NORTHERN TRUST INVESTMENTS, INC. | 50 SOUTH LASALLE STREET<br>CHICAGO, IL 60603-1008<br>US | Common Stock | |
| STATE STREET GLOBAL ADVISORS (SSGA) | STATE STREET FINANCIAL CENTER<br>ONE LINCOLN STREET<br>33RD FLOOR<br>BOSTON, MA 02111-2900 | Common Stock | |
| T. ROWE PRICE ASSOCIATES, INC. | 100 EAST PRATT STREET<br>BALTIMORE, MD 21202<br>US | Common Stock | |
| UBS FINANCIAL SERVICES, INC. (INVESTMENT ADVISOR) | 1200 HARBOR BOULEVARD<br>WEEHAWKEN, NJ 07086<br>US | Common Stock | |
| WILEN MANAGEMENT COMPANY, INC. | 14551 MERAVI DRIVE<br>BONITA SPRINGS, FL 34135 | Common Stock | |

ORCHIDS PAPER PRODUCTS COMPANY
LIST OF EQUITY SECURITY HOLDERS

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| DAVID DEMARZO | 1114 WOODBERRY DR<br>MOUNTIAN TOP, PA 18707-9273<br>US | Common Stock | |
| FABRICA DE PAPEL SAN FRANCISCO S  A  DE CV | KM  5 5 BLVD LOPEZ MATEOS CENTRO INDUSTRIAL MARGAR<br>MEXICALI BAJA CALIFORNIA,<br>MEXICO | Common Stock | |
| DOUGLAS E HAILEY | 4 S BRISA FRESCA<br>SANTA FE, NM 87506-0101<br>US | Common Stock | |
| THE JOHNSON REVOCABLE TRUST | BOX 271<br>YUBA CITY, CA 95992-0271<br>US | Common Stock | |
| CHARLES E SEELY | 1345 S 442<br>SALINA, OK 74365-2483<br>US | Common Stock | |
| JERRY TRAVERS | 525 WASHINGTON BLVD<br>JERSEY CITY, NJ 07310<br>US | Common Stock | |
| ELIZABETH ROLWES | 201 PROGRESS PARKWAY<br>MARYLAND HEIGHTS , MO 63043-3042<br>US | Common Stock | |
| BEN BEGUIN | 14321 N. NORTHSIGHT BOULEVARD<br>SCOTTSDALE , AZ 85260<br>US | Common Stock | |
| SCOTT GIAIMO | 300 VESEY STREET<br>NEW YORK , NY 10282<br>US | Common Stock | |
| HAN LEE | 645 MADISON AVENUE<br>NEW YORK, NY 10022<br>US | Common Stock | |
| KRISTIN KENNEDY | 9785 TOWNE CENTRE DRIVE<br>SAN DIEGO, CA 92121-1968<br>US | Common Stock | |
| ALAN FERREIRA | P.O. BOX 30014<br>LOS ANGELES, CA 90030<br>US | Common Stock | |
| EARL WEEKS | 4804 DEAR LAKE DR E<br>JACKSONVILLE , FL 32246<br>US | Common Stock | |
| CHRISTINA YOUNG | 2423 E LINCOLN DRIVE<br>PHOENIX, AZ 85016-1215<br>US | Common Stock | |
| SUZANNE BROOD | 200 S 108TH AVE.<br>OMAHA, NE 68154-2631<br>US | Common Stock | |
| JANE FLOOD | 1000 HARBOR BLVD<br>WEEHAWKEN , NJ 07086<br>US | Common Stock | |
| PETER CLOSS | 499 WASHINGTON BOULEVARD<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| JOANNE PADARATHSINGH | 499 WASHINGTON BOULEVARD<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| ANTHONY SCIARAFFO | 1301 SIXTH AVE<br>NEW YORK , NY 10019<br>US | Common Stock | |
| ANTHONY SCIARAFFO | 400 JEFFERSON PARK<br>WHIPPANY , NJ 07981<br>US | Common Stock | |
| STEVE SCHAFER SR | 60 S 6TH ST - P09<br>MINNEAPOLIS , MN 55402-4400<br>US | Common Stock | |
| ANDREA AUGUSTIN | 8050 SW 10 ST<br>PLANTATION , FL 33324<br>US | Common Stock | |
| KEVIN BROWN | 60 LIVINGSTON AVE<br>ST. PAUL, MN 55107-1419<br>US | Common Stock | |
| CHARLES HUGHES | 480 WASHINGTON BLVD<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| PAUL MITSAKOS | 480 WASHINGTON BLVD.<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |
| JANICA BRINK | 545 WASHINGTON BLVD.<br>JERSEY CITY , NJ 07310<br>US | Common Stock | |

**ORCHIDS PAPER PRODUCTS COMPANY**
**LIST OF EQUITY SECURITY HOLDERS**

| Equity Holders | Address of Equity Holder | Type of Equity Security | Holding |
|---|---|---|---|
| RITA LINSKEY | 8 THIRD STREET NORTH<br>GREAT FALLS , MT 59401<br>US | Common Stock | |
| VICTOR LAU | 34 EXCHANGE PLACE PLAZA II<br>JERSEY CITY , NJ 07311<br>US | Common Stock | |
| JOSEPH LAVARA | ONE PERSHING PLAZA<br>JERSEY CITY , NJ 07399<br>US | Common Stock | |
| DIANE TOBEY | 77 SUMMER STREET<br>BOSTON , MA 02110<br>US | Common Stock | |
| ABIGAIL DAVIES | 388 GREENWICH STREET<br>NEW YORK , NY 10013<br>US | Common Stock | |
| KARIN MCCARTHY | 8 GREENWICH OFFICE PARK<br>GREENWICH , CT 06831<br>US | Common Stock | |
| OSCAR MAZARIO | 85 BROAD STREET<br>NEW YORK , NY 10004<br>US | Common Stock | |
| ROBERTA GREEN | 880 CARILION PARKWAY<br>SAINT PETERSBURG , FL 33716<br>US | Common Stock | |
| ERIN M STIELER | 682 AMP FINANCIAL CENTER<br>MINNEAPOLIS , MN 55474<br>US | Common Stock | |
| GREG WRAALSTAD | 901 3RD AVE SOUTH<br>MINNEAPOLIS , MN 55474<br>US | Common Stock | |
| JERRY PARRILLA | 1776 HERITAGE DR<br>NORTH QUINCY , MA 02171<br>US | Common Stock | |
| CHRISTINE SULLIVAN | 1776 HERITAGE DR<br>NORTH QUINCY , MA 02171<br>US | Common Stock | |
| NATHAN ASHWORTH | 33 CANNON STREET<br>LONDON, EC4M 5SB<br>UK | Common Stock | |
| ERIC GREENE | ONE FREEDOM VALLEY DRIVE<br>OAKS , PA 19456<br>US | Common Stock | |
| JENNIFER MAY | 525 WILLIAM PENN PLACE<br>PITTSBURGH , PA 15259<br>US | Common Stock | |
| KAREN T JOHNDROW | 1776 HERITAGE DRIVE<br>NORTH QUINCY, MA 02171<br>US | Common Stock | |
| DIANA  MASON | 1 FREEDOM VALLEY DRIVE<br>OAKS , PA 19456<br>US | Common Stock | |
| MYRIAM PIERVIL | 1776 HERITAGE DRIVE<br>NORTH QUINCY , MA 02171<br>US | Common Stock | |
| JERRY PARRILLA | 1776 HERITAGE DRIVE<br>NORTH QUINCY , MA 02171<br>US | Common Stock | |
| TRINA ESTREMERA | 1776 HERITAGE DRIVE<br>NORTH QUINCY , MA 02171<br>US | Common Stock | |
| RODERICK ROOPSINGH | 22 FRONT STREET<br>TORONTO, ON M5J 2W5<br>CANADA | Common Stock | |
| RACHEL GALDONES | 131 SOUTH DEARBORN STREET<br>CHICAGO , IL 60603<br>US | Common Stock | |
| ANTHONY SCIARAFFO | 1301 SIXTH AVE<br>NEW YORK , NY 10019<br>US | Common Stock | |
| EARL WEEKS | 4804 DEERLAKE DR. E.<br>JACKSONVILLE , FL 32246<br>US | Common Stock | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| ORCHIDS PAPER PRODUCTS COMPANY, *et al.*,[1] | |
| | Case No. 19-_____ (___) |
| Debtors. | (Joint Administration Pending) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007AND 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtor in possession (collectively, the "**Debtors**") attach hereto as Exhibit A an organizational chart reflecting all of their ownership interests. The Debtors respectfully represent as follows:

1.      To the best of the Debtors' knowledge and belief, no person or entity directly owns 10% or more of the equity interests of Orchids Paper Products Company.

2.      Orchids Paper Products Company owns one hundred percent (100%) of the equity interests of Orchids Paper Products Company of South Carolina.

3.      Orchids Paper Products Company owns one hundred percent (100%) of the equity interests of Orchids Lessor SC, LLC.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Orchids Paper Products Company, a Delaware corporation (6944), Orchids Paper Products Company of South Carolina, a Delaware corporation (7198), and Orchids Lessor SC, LLC, a South Carolina limited liability company (7298). The location of the Debtors' mailing address is 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027.

68017880.1

# **EXHIBIT A**

**(Organizational Chart)**

**<u>Orchids Paper Products Company</u>**

Entity Organizational Chart



**ORCHIDS PAPER PRODUCTS COMPANY**

**Action by Unanimous Written Consent of the Board of Directors**
**Effective March 31, 2019**

The undersigned, being all of the members of the Board of Directors (the "Board") of Orchids Paper Products Company, a Delaware corporation (the "Company"), hereby adopt the following resolutions by written consent pursuant to Section 23 of the Amended and Restated Bylaws of the Company (as amended, the "Bylaws") and Section 141(f) of the Delaware General Corporation Law.

**WHEREAS**, the Company and its subsidiaries are engaged in the business of, directly or indirectly, producing bulk tissue paper and converting and manufacturing such bulk tissue paper into consumer tissue products for sale and distribution (the "Business");

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, following a lengthy exploration and evaluation of strategic options with the assistance of the Company's legal, financial, and other advisors, the Board has concluded that, based on information currently available to the Board, but subject to the right to determine an alternative course of action is preferable, it is in the best interests of the Company, its creditors, and its equity holders to enter into a transaction (the "Transaction") pursuant to which the Company would transfer substantially all of the assets and liabilities which are directly related to, necessary for, used in connection with or incurred in connection with the Business to Orchids Investment LLC, a Delaware limited liability company (in such capacity, the "Purchaser"), or its designees, in accordance with Sections 105, 363, and 365 of Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code") and pursuant to and in accordance with the terms and conditions of an Asset Purchase Agreement by and between the Purchaser, the Company and certain subsidiaries of the Company substantially in the form attached hereto as Exhibit A (the "Purchase Agreement") and related Option Agreement substantially in the form attached hereto as Exhibit B (the "Option Agreement"), subject to higher and better bids, if any, at an auction to be conducted pursuant to bidding procedures approved by the Bankruptcy Court (as defined below).

## I.    **CHAPTER 11 FILING**

**NOW, THEREFORE, IT IS RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company to appoint Richard S. Infantino of Deloitte Transactions and Business Analytics LLP to serve as interim chief strategic officer (the "Interim Chief Strategy Officer") of the Company; and it is

**RESOLVED FURTHER**, that in the judgment of the Board, it is desirable and in the best interests of the Company, that the Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief for the Company and each of the Company's subsidiaries (each affiliate is listed on the attached Schedule 1 and collectively referred to herein as the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>"); and it is

**RESOLVED FURTHER**, that the Chief Executive Officer, Interim Chief Strategy Officer, and any officer of the Company (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Business; and it is

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

## II.    <u>RETENTION OF PROFESSIONALS</u>

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Polsinelli PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Polsinelli PC; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte Transactions and Business Analytics LLP to assist the Interim Chief Strategy Officer and the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte Transactions and Business Analytics LLP; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Houlihan Lokey Capital, Inc. as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all action to advance the Company's right and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate

retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey Capital, Inc.; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ Prime Clerk LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

## III.    CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED FURTHER**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in Bankruptcy Code section 363(a) (the "Collateral"), which is security for Orchids Investment LLC, a Delaware limited liability company, as Lender, and Ankura Trust Company, as Administrative Agent (collectively, the "Prepetition Secured Parties"), as set forth in that certain Second Amended and Restated Credit Agreement, dated as of June 25, 2015 (as amended, modified, or supplemented from time to time, the "Credit Agreement"); and it is

**RESOLVED FURTHER**, that to use and obtain the benefits of the Collateral and in accordance with Bankruptcy Code section 363, the Company will provide certain adequate protection to the Prepetition Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court, provided, for the avoidance of doubt, that the Company's subsidiary and party to the Chapter 11 Cases, Orchids Lessor SC, LLC ("Orchids SC"), is not providing such adequate protection to the Prepetition Secured Parties and shall not be party to the Cash Collateral Documents, the Adequate Protection Documents, or the Adequate Protection Transactions (each as defined below); and it is

**RESOLVED FURTHER**, that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Directors, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**RESOLVED FURTHER**, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions"); and it is

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Prepetition Secured Parties; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals,

replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## IV.    **DEBTOR-IN-POSSESSION FINANCING**

**RESOLVED FURTHER**, that the Company, as debtor and debtor-in-possession under the Chapter 11 Case, shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in the Senior Secured Superpriority Debtor-In-Possession Creditor Agreement (the "DIP Credit Agreement") by and among the Company, as Borrower, Black Diamond Commercial Finance, L.L.C., as Administrative Agent, and Orchids Investment LLC and such other Lenders thereto (collectively, the "DIP Lenders"), on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Credit Agreement substantially in the form attached hereto as Exhibit C or as may hereafter be fixed or authorized by each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with the DIP Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) execute and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions, provided, for the avoidance of doubt, that Orchids SC shall not be a party to the Financing Transactions or any of the DIP Loan Documents or the DIP Financing Documents (each as defined below); and it is

**RESOLVED FURTHER**, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the other "DIP Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof; and it is

**RESOLVED FURTHER**, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Company is a party be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**RESOLVED FURTHER**, that the Authorized Officers and each other officer of the Company be, and each of them hereby are, authorized and empowered to authorize the DIP Lenders to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders may reasonably request to perfect the security interests of the DIP Lenders under the DIP Loan Documents; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; and it is

**RESOLVED FURTHER**, that the Company will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement as the borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and it is

**RESOLVED FURTHER**, that that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

## V.    ASSET PURCHASE AGREEMENT

67456127.8

**RESOLVED FURTHER**, that the form, terms, and provisions of the Asset Purchase Agreement and Option Agreement, including all exhibits, schedules, and ancillary documents thereto, be, and hereby are, approved; and it is

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to execute and deliver the Asset Purchase Agreement and Option Agreement, including all exhibits and schedules attached thereto, in the name and on behalf of the Company with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Officer executing the same shall approve (the execution and delivery thereof by any such Authorized Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and it is

**RESOLVED FURTHER**, that the Company be, and hereby is, authorized to perform all of its obligations under the Asset Purchase Agreement and Option Agreement, including, but not limited to, the Transaction; and it is

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to take all such further action and to execute and deliver all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company, to pay or cause to be paid all expenses; to take all such other actions as they or any one of them shall deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions.

## VI.    GENERAL

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**RESOLVED FURTHER**, that all members of the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act,

67456127.8

transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and it is

**RESOLVED FURTHER**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole stockholder, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

This Consent may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of the Company, do hereby consent to the foregoing actions as of the date first written above.

_____

Steven R. Berlin

_____

John C. Guttilla

_____

Douglas E. Hailey

_____

Elaine MacDonald

_____

Mark H. Ravich

_____

Jeffrey S. Schoen

[*Signature Page to Unanimous Written Consent of the Board of Directors of Orchids Paper Products Company*]

## Pete Vincent

| | |
|---|---|
| **From:** | Donald Figliulo |
| **Sent:** | Sunday, March 31, 2019 10:15 AM |
| **To:** | Jerry Switzer; Pete Vincent |
| **Subject:** | Fwd: Project Odyssey - Board Resolutions re Chp 11 Transaction |
| **Attachments:** | image001.jpg; ATT00001.htm; Project Odyssey - Board Approval Sig Page-c.pdf; ATT00002.htm; # 67456127 v 8 (Project Odyssey - Resolutions re Chp 11 Transaction)-c.DOCX; ATT00003.htm; Orchids - Director Signature Pages (10-K 2019)-c.pdf; ATT00004.htm |

Sent From my IPhone

Begin forwarded message:

**From:** John Guttilla ███████████████
**Date:** March 31, 2019 at 10:01:55 AM CDT
**To:** 'Donald Figliulo' ██████████████
**Subject: RE: Project Odyssey - Board Resolutions re Chp 11 Transaction**

Don …I have sign these Documents and will send you copies Monday

**John Guttilla**
**Partner**
███████████

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of the Company, do hereby consent to the foregoing actions as of the date first written above.

_____
Steven R. Berlin

_____
John C. Guttilla

_____
Douglas E. Hailey

_____
Elaine MacDonald

_____
Mark H. Ravich

_____
Jeffrey S. Schoen

*[Signature Page to Unanimous Written Consent of the Board of Directors*
*of Orchids Paper Products Company]*

67456127.8

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of the Company, do hereby consent to the foregoing actions as of the date first written above.

_____
Steven R. Berlin


_____
John C. Guttilla


_____
Douglas E. Hailey


_____
Elaine MacDonald


_____
Mark H. Ravich


_____
Jeffrey S. Schoen

*[Signature Page to Unanimous Written Consent of the Board of Directors of Orchids Paper Products Company]*

**Pete Vincent**

| | |
|---|---|
| **From:** | Mark Ravich ▮▮▮▮▮▮▮▮▮▮ |
| **Sent:** | Sunday, March 31, 2019 9:55 PM |
| **To:** | Donald Figliulo |
| **Cc:** | Steve Berlin; ▮▮▮▮▮▮▮▮▮; LLC Taglich Private Equity ▮▮▮▮▮▮▮▮▮▮; Elaine MacDonald (▮▮▮▮▮▮▮▮▮▮▮▮); Jeffrey S Schoen; ▮▮▮▮▮▮▮▮▮; Jerry Switzer; Pete Vincent |
| **Subject:** | Re: Project Odyssey - Board Resolutions re Chp 11 Transaction |

I consent to all the filings.
Mark Ravich

Sent from my iPhone

On Mar 30, 2019, at 3:30 PM, Donald Figliulo <▮▮▮▮▮▮▮▮▮▮> wrote:

> Here is the execution version of the Board consent (i)  authorizing the Chapter 11 filing and related matters, (ii)  approving the form of  Asset Purchase Agreement and related Option Agreement , and (iii) approving the DIP loan agreement.
>
> The second attachment is a stand-alone signature page to the Agreement .  Please sign and return that page to me at your earliest convenience.
>
> Please also send me your signature to the 10-K report.
>
> Thank you and please drop me a note if you have any questions.

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of the Company, do hereby consent to the foregoing actions as of the date first written above.

_____
Steven R. Berlin

_____
John C. Guttilla

_____
Douglas E. Hailey

_____
Elaine MacDonald

_____
Mark H. Ravich

_____
Jeffrey S. Schoen

[*Signature Page to Unanimous Written Consent of the Board of Directors of Orchids Paper Products Company*]

## SCHEDULE 1

Orchids Paper Products Company of South Carolina, a Delaware corporation

Orchids Lessor SC, LLC, a South Carolina limited liability company

## **EXHIBIT A**

FORM OF ASSET PURCHASE AGREEMENT

[withheld for this filing]

# **EXHIBIT B**

## FORM OF OPTION AGREEMENT

[withheld for this filing]

## **EXHIBIT C**

FORM OF DIP CREDIT AGREEMENT

[withheld for this filing]