# **EXHIBIT A**

Proposed Interim Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ORCHIDS PAPER PRODUCTS COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. __** |

### INTERIM ORDER AUTHORIZING PAYMENT OF (I) CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES, AND OTHER COMPENSATION, (II) CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) WITHHOLDING AND PAYROLL-RELATED TAXES, (V) WORKERS' COMPENSATION OBLIGATIONS, AND (VI) PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD-PARTY PROVIDERS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Interim Order**") authorizing payment of (i) certain prepetition workforce claims, including wages, salaries, and other compensation, (ii) certain employee benefits and confirming right to continue employee benefits on postpetition basis, (iii) reimbursement to employees for expenses incurred prepetition, (iv) withholding and payroll-related taxes, (v) workers' compensation obligations, and (vi) prepetition claims owing to administrators and third-party providers; the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Orchids Paper Products Company, a Delaware corporation (6944), Orchids Paper Products Company of South Carolina, a Delaware corporation (7198), and Orchids Lessor SC, LLC, a South Carolina limited liability company (7298). The location of the Debtors' mailing address is 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

66229571.8

to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized (i) pay prepetition claims and honor obligations incurred or related to the Employee Obligations, in an aggregate amount not to exceed $1,690,000, and (ii) maintain, continue, and honor, in the ordinary course of business, the Employee Plans and Programs, except as otherwise set forth herein:

| Relief Sought | Interim Amount Requested |
| --- | --- |
| Employee Compensation Obligations | $320,000 |
| Payroll Tax Obligations | $650,500 |
| Deductions | $67,500 |
| Union Dues | $14,000 |
| Reimbursable Expense Obligations | $14,000 |
| Medical, Vision and Dental Plans | $429,000 |
| Income Protection Plans | $170,100 |
| Director Compensation | $24,000 |

3. The Debtors are authorized to continue the programs and policies described in the Motion on a postpetition basis, except as otherwise set forth herein, and to make non-material

alternations, modifications, or to discontinue such programs and policies as they deem necessary or appropriate in the ordinary course of business, without further notice to or order of the Court.

4. Except as otherwise set forth herein, the Debtors are authorized, pursuant to Bankruptcy Code sections 105(a) and 363(b), in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor amounts on account of Employee Compensation Obligations (inclusive of Withholding Obligations); *provided, however*, that without prejudice to the Debtors' right to seek additional payments, by way of a separate motion, the Debtors shall not make any payments on behalf of any individual Employee on account of prepetition obligations in excess of those allowed under 11 U.S.C. §§ 507(a)(4) and 507(a)(5), absent further order of the Court.

5. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

6. The Debtors are authorized to maintain the Stock Incentive Program in the ordinary course of business, *provided, however*, that the Debtors shall not make any transfer under the Stock Incentive Program to any insider, as that term is defined in the Bankruptcy Code, which for the purpose of this Order, shall include all individuals holding officer titles, including the title of Vice President ("**Insiders**").

7. The Debtors are authorized (i) to continue the Vacation Time and Holiday Pay policies in the ordinary course of business, and (ii) to honor all obligations under such policies, subject to the limitations set forth in paragraph 8 below.

8. Nothing in this Interim Order shall be deemed to (1) authorize the payment of any amounts in satisfaction under the Stock Incentive Program or other program subject to section

3

66229571.8

503(c) of the Bankruptcy Code; or (2) authorize the Debtors to pay accrued Vacation Time except upon termination of an Employee, if applicable state law requires such payment.

9. The Debtors are authorized to continue to honor their Reimbursable Expense Obligations including any prepetition obligations, subject to the cap for such expenses that arose prepetition that is set forth in the paragraph 2 above, and to continue in accordance with the Debtors' stated policies and prepetition practices; <u>provided, however</u>, that satisfaction of prepetition Reimbursable Expense Obligations shall only be allowed to the extent Employees have paid for such expenses directly from their own funds or are otherwise personally liable for such expenses.

10. Except as otherwise set forth in this Order, the Debtors are authorized to honor the Employee Benefits Plans in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto.

11. The Debtors are authorized to pay prepetition claims and honor obligations incurred or related to Director Compensation in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, without further notice to or order of the Court, <u>provided, however</u>, that payment of any prepetition Director Compensation shall not exceed the amount set forth in the paragraph 2 above.

12. The Debtors are authorized to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Compensation Obligations or the Employee Benefits Obligations, including the Administrative Fee Obligations.

13. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or

priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365, or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, to the extent applicable, to contest the validity and amount of any payment made pursuant to this Interim Order.

14. Each of the Processors are authorized to receive, process, honor, and pay all checks and transfers issued or requested by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Interim Order and any other order of this Court.

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Employee Obligations that are dishonored or rejected.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

17. Nothing in the Motion or this Interim Order shall be construed to authorize any severance payments to Insiders.

18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

19. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

20. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

21. The final hearing (the "**Final Hearing**") to consider the entry of a final order granting the relief requested in the Motion shall be held on _____, 2019, at __:__ _.m. Prevailing Eastern Time.

5

66229571.8

22. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on, no later than seven (7) days prior to the commencement of the final hearing, (a) Orchids Paper Products Company, 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027 (Attn: Richard S. Infantino) or rinfantino@deloitte.com; (b) proposed counsel to the Debtors, Polsinelli PC, 222 Delaware Avenue, Wilmington, DE 19801 (Attn: Christopher Ward and Shanti Katona) or cward@polsinelli.com and skatona@polsinelli.com; (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Juliet M. Sarkessian (juliet.m.sarkessian@usdoj.gov).

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

Dated: _____, 2019
      Wilmington, Delaware

                                      UNITED STATES BANKRUPTCY JUDGE