## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ORCHIDS PAPER PRODUCTS COMPANY, *et al.*,[1] | Case No. 19-10729 (MFW) |
| Debtors. | (Joint Administration Pending) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS ENFORCING THE PROTECTIONS OF SECTIONS 362, 365, 525 AND 541(C) OF THE BANKRUPTCY CODE PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an interim order (the "**Interim Order**") and a final order after notice (the "**Final Order**"), pursuant to Section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq.* (the "**Bankruptcy Code**"), (i) enforcing the protections of Sections 362, 365, 525, and 541(c) of the Bankruptcy Code to aid in the administration of their Chapter 11 Cases and to alleviate any confusion regarding the effects of these Chapter 11 Cases on the Debtors' business operations; and (ii) granting any related relief. [In support of the Motion, the Debtors rely upon the *Declaration of Richard S. Infantino, Chief Strategy Officer of Orchids Paper Products Company, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court [Docket No. 19] (the "**First Day Declaration**")[2]. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Orchids Paper Products Company, a Delaware corporation (6944), Orchids Paper Products Company of South Carolina, a Delaware corporation (7198), and Orchids Lessor SC, LLC, a South Carolina limited liability company (7298). The location of the Debtors' mailing address is 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a), 362, 365, 525, and 541(c).

## BACKGROUND

3.     On the April 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

4.     The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

68045385.4

## RELIEF REQUESTED

5.      By this Motion and pursuant to Section 105(a) of the Bankruptcy Code, the Debtors request entry of the proposed Interim Order and Final Order, substantially in the forms of Exhibit A and Exhibit B attached hereto, (i) enforcing the protections of Sections 362, 365, 525, and 541(c) of the Bankruptcy Code to aid in the administration of their Chapter 11 Cases and to alleviate any confusion regarding the effects of these Chapter 11 Cases on the Debtors' business operations and (ii) granting any related relief. The Debtors' business crosses international borders; in particular, into Mexico, and many of the Debtors foreign vendors are unfamiliar with the protections of the automatic stay imposed by Section 362 of the Bankruptcy Code, the invalidation of *ipso facto* clauses under Section 365(e)(1) of the Bankruptcy Code and *ipso facto* conditions under Section 541(c) of the Bankruptcy Code, and the protections against discriminatory treatment contained in Section 525 of the Bankruptcy Code makes it necessary and appropriate for the Court to issue an order expressly implementing these protections.

## BASIS FOR RELIEF REQUESTED

6.      As a result of the commencement of the Debtors' Chapter 11 Cases, and by operation of law pursuant to Section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things: (i) commencing or continuing any judicial, administrative, or other action or proceeding against any of the Debtors that was or could have been initiated before the Petition Date; (ii) recovering a claim against any of the Debtors that arose before the Petition Date; (iii) enforcing a judgment against any of the Debtors or property of their estates that was obtained before the Petition Date; or (iv) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date.

7.      The injunction contained in Section 362 of the Bankruptcy Code is self-executing. It constitutes a fundamental debtor protection that, together with other provisions of the

68045385.4

Bankruptcy Code, provides a debtor with a "breathing spell," which is essential to its ability to reorganize successfully. *See, e.g., In re Univ. Med. Cntr.,* 973 F.2d 1065, 1074 (3d Cir. 1992) ("The stay gives the debtor a breathing spell from his creditors. *It stops all collection efforts, all harassment, and all foreclosure actions.* It permits a debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.") (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.C.C.A.N., 5787, 5963, 6296-97) (internal citation and quotation marks omitted) (emphasis in original); *In re New Century TRS Holdings, Inc.,* 505 B.R. 431, 439 (Bankr. D. Del. 2014).

8.    The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *United Savings Ass'n of Texas v. Timbers of Inwood Forrest Assocs., Ltd.*, 484 U.S. 365, 369 (1988). "The automatic stay is intended 'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" *In re Aleris, Intern. Inc.*, 456 B.R. 35, 46 (Bankr. D. Del. 2011) (quoting *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991)).

9.    The protections of the automatic stay apply to a debtor's property wherever located and by whomever held. *See* 11 U.S.C. § 541(a); *In re Allen,* 768 F.3d 274, 276, 279 (3d Cir. 2014) (stating that "[b]ankruptcy jurisdiction, at its core, is *in rem*" and holding that actual possession by the debtor is not required for property to be part of the debtor's estate) (internal citation and quotation marks omitted) (alteration and emphasis in original); *Underwood v. Hilliard (In re Rimsat, Ltd.),* 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's *in rem* jurisdiction over property of estate permits injunctions against foreign proceedings pursuant to

the automatic stay). The automatic stay therefore applies to the Debtors' assets and operations regardless of their location inside, or outside, of the United States. *See also In re Milford Power Co., LLC v. PDC Milford Power, LLC,* 866 A.2d 738 (Del. Ch. 2004) (holding that sections 365(e) and 541(c) of the Bankruptcy Code do apply to invalidate *ipso facto* provisions.

10.     Section 365(e)(1) of the Bankruptcy Code renders insolvency termination provisions in contracts unenforceable against a Chapter 11 debtor. Specifically, Section 365(e)(1) provides that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> (A)     the insolvency or financial condition of the debtor at any time before the closing of the case;
>
> (B)     the commencement of a case under this title; or
>
> (C)     the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1). Bankruptcy Courts have applied Section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." *In re AMR Corp.,* 730 F.3d 88, 106 (2d Cir. 2013) (citing *In re Lehman Bros. Holdings Inc.,* 422 B.R. 407, 414 (Bankr. S.D.N.Y. 2010)).

11.     Similarly, provisions in agreements, transfer instruments, or applicable nonbankruptcy law are unenforceable if such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

68045385.4

is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

12.     Pursuant to Section 525(a) of the Bankruptcy Code, governmental units, including foreign governmental units, are prohibited from, among other things, denying, revoking, suspending, or refusing to renew licenses, permits, charters, franchises, or other similar grants held by a Chapter 11 debtor (or persons with whom the debtor is associated, including affiliates) on the basis that the debtor has failed to pay a dischargeable debt, commenced a Chapter 11 case, or was insolvent prior to the commencement of such case. The term "governmental unit" is defined in the Bankruptcy Code to mean the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27). Thus, the protections of Section 525(a) apply broadly to local, state, and foreign governmental units.

13.     Notwithstanding the self-executing and global nature of Sections 362, 365, 525, and 541(c) of the Bankruptcy Code, not all parties affected or potentially affected by the commencement of a Chapter 11 case are aware of these statutory provisions or their significance and impact. Therefore, it is prudent to obtain an order of the bankruptcy court that confirms and reinforces the relevant provisions of each Section so the Debtors may advise such parties of the existence and effect of Sections 362, 365, 525, and 541(c) of the Bankruptcy Code.

14.     The requested relief is particularly appropriate in the present cases because the Debtors transact business in Mexico and other countries with different legal systems. A prime

68045385.4

example is that one of the Debtors' key contracts is a strategic partnership with Fabrica de Papel San Francisco, S.A. de C.V. ("**FAPSA**"), which is based in Mexicali, Baja California. Baja California is a Mexican state on the Baja California Peninsula, bordering the U.S. state of California. On the Petition Date, FAPSA threatened to exercise its remedies under an *ipso facto* clause and modify contractual terms as result of the bankruptcy filing.  For the reasons set forth in this Motion, the Debtors sent a cease and desist letter to FAPSA on that same day stating that *ipso facto* clauses are not enforceable and advising them that changing contractual terms after the Petition Date is a violation of the automatic stay. It was only after the cease and desist letter that FAPSA agreed, at least for the time being, to honor the contractual terms. The Debtors are concerned that if a key supplier is not aware of such protections under the Bankruptcy Code that other creditors may not be aware of such protections either.

15.    Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Granting the relief requested in this Motion is fully consistent with the terms of the Bankruptcy Code and will facilitate a smooth and orderly transition of the Debtors' operations into Chapter 11 and minimize the disruption of their business affairs. The Debtors, therefore, request that this Court grant the requested relief. Granting the requested relief, which the Debtors will be able to transmit to affected parties, will give effect to the protections under Sections 362, 365, and 525 of the Bankruptcy Code by proactively confirming and clarifying the applicability and effect of these provisions in the form of an order that bears the imprimatur of a federal court and may be transmitted to third parties as necessary.

**NECESSITY OF IMMEDIATE RELIEF AND WAIVER OF STAY**

16.    Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the

68045385.4

petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003. The Debtors believe that, absent an order from this Court affirming application of the protections of the Bankruptcy Code, third-party creditors and vendors may attempt to take improper and value destructive actions against the Debtors or property of their estates. As a result, the Debtors could suffer immediate and irreparable harm. An order providing notice of and enforcing the protections provided under these important provisions will help to protect the Debtors from unintentional violations of these provisions and may also save the Debtors from needing to commence proceedings to enforce such protections and the costs and expenses associated therewith. Accordingly, the Debtors respectfully submit that, because of the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

## **CONSENT TO JURISDICTION**

17.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

68045385.4

## NOTICE

18.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors; (c) counsel to the Prepetition Secured Lender and DIP Lender; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

19.    No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed Interim Order and Final Order substantially in the forms attached hereto as Exhibit A and Exhibit B, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

68045385.4

Dated: April 2, 2019
        Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

_/s/ Christopher A. Ward_
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
bdolphin@polsinelli.com

-and-

Jerry L. Switzer, Jr. (_Pro Hac Vice_ Pending)
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
jswitzer@polsinelli.com

_Proposed Counsel to the Debtors and
Debtors in Possession_