**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ORCHIDS PAPER PRODUCTS COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: August 5, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: August 12, 2019 at 1:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
EXTENDING THE EXCLUSIVITY PERIODS FOR THE FILING OF A CHAPTER 11
PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") extending the periods during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusivity Period**") and to solicit acceptances thereof (the "**Exclusive Solicitation Period**") by ninety days through and including October 28, 2019, and December 30, 2019, respectively. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Orchids Paper Products Company, a Delaware corporation (6944), Orchids Paper Products Company of South Carolina, a Delaware corporation (7198), and Orchids Lessor SC, LLC, a South Carolina limited liability company (7298). The location of the Debtors' mailing address is 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027.

69236219.2

157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 1121(d).

## PROCEDURAL BACKGROUND

3. On April 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Richard S. Infantino, Interim Chief Strategy Officer of Orchids Paper Products Company, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 19] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

4. The Debtors have continued to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases. On April 15, 2019, the Official Committee of Unsecured Creditors (the "**Committee**") was appointed by the Office of the United States Trustee [Docket No. 65].

5. On July 15, 2019, the Court entered the *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Assumption and Assignment of Contracts and Leases, and (III) Granting Related Relief* [Docket No. 362] (the "**Sale Order**"), pursuant to which, among other

things, the Court approved the sale of substantially all of the Debtors' assets (the "**Sale**") to the Cascades US Holding Inc. (the "**Purchaser**").

6.     While the Sale has not yet closed, the Debtors have begun the process of formulating, negotiating, and drafting a chapter 11 plan of liquidation to ensure the payment of administrative and priority claims, subject to agreed-upon budgets with the Committee and Orchids Investment, LLC. The Debtors intend to file a plan of liquidation and pursue confirmation on a timeline agreeable to the Committee and the Orchids Investment, LLC.

## RELIEF REQUESTED

7.     The Debtors respectfully request, pursuant to Bankruptcy Code section 1121(d), a ninety day extension of (i) the Exclusivity Period through and including October 28, 2019, and (ii) the Exclusive Solicitation Period through and including December 30, 2019, in each case, without prejudice to any party in interest's rights to seek to reduce or increase such periods in accordance with Bankruptcy Code section 1121(d). The Debtors' initial Exclusivity Period and Exclusive Solicitation Period are currently set to expire on July 30, 2019 and September 30, 2019, respectively.

## BASIS FOR RELIEF

8.     Pursuant to Bankruptcy Code section 1121(d), the Court may extend exclusive periods "for cause." *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180- day period referred to in this section."). However, the 120-day period "may not be extended beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date." *Id.* §§ 1121(d)(2)(A), (B). The Bankruptcy Code neither defines "cause" for purposes of section 1121(d), nor establishes formal criteria for

an extension of the exclusive periods. The legislative history of Bankruptcy Code section 1121 indicates, however, that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231- 32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

9. In exercising its broad discretion to determine whether "cause" exists, a bankruptcy court should be guided by a variety of factors. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity). These factors are not exhaustive and include, without limitation:

    i. the size and complexity of the debtor's case;

    ii. the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    iii. the existence of good faith progress towards reorganization;

    iv. the fact that the debtor is paying its bills as they become due;

    v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    vi. whether the debtor has made progress in negotiations with its creditors;

    vii. the amount of time which has elapsed in the case;

        viii.    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

        ix.    whether an unresolved contingency exists.

*See, e.g., In re Cent. Jersey Airport Servs.*, LLC, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus. Inc.*, 87 B.R. at 834; *Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in Adelphia to hold that debtor established cause to extend exclusivity); *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend exclusive period based upon certain of the nine factors). The above factors are not the exclusive bases for the exercise of the Court's discretion to extend exclusive periods. *See Adelphia Commc'ns*, 352 B.R. at 586-87.

    10.    Not all factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See Express One*, 194 B.R. at 100 (finding only some of the factors relevant in determining whether cause exists to extend exclusivity); *see also In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997) ("When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors.").

    11.    Moreover, courts routinely grant a debtor's first request for an extension. *See, e.g., In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the

bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted); *In re Borders Grp., Inc.*, 460 B.R. 818, 825 (Bankr. S.D.N.Y. 2011) (same); *In re MSR Resort Golf Course LLC*, No. 11-10372 (SHL) (Bankr. S.D.N.Y.), Hr'g Tr. June 29, 2011, 77:19–25 (same); *In re Cengage Learning, Inc.*, No. 13-44106 (ESS) (Bankr. E.D.N.Y.), Hr'g Tr. Oct. 25, 2013, 64:4–7 (emphasizing that it is "important to note" that "[t]his is the first request").

12. Congress incorporated these exclusivity periods into the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. As detailed above, the Debtors have been working with the Committee and Orchids Investment, LLC on formulating a consensual plan of liquidation, and the Debtors have made substantial progress towards, and intend to achieve, this objective.

## CAUSE EXISTS TO EXTEND THE EXCLUSIVE PERIODS

13. Cause exists to grant the Debtors' requested extensions of the exclusivity periods. The extensions are necessary and appropriate for the Debtors to have the opportunity contemplated by the Bankruptcy Code to implement a plan of liquidation. As set forth below, the requested extensions are appropriate, in the best interest of the Debtors' stakeholders, and consistent with the intent and purpose of chapter 11.

**A.     The Chapter 11 Cases are Large and Complex**

14. The Debtors' Chapter 11 Cases are both sizeable and complex. As of and since

the Petition Date, the Debtors are customer focused, national suppliers of high-quality consumer tissue products. The Debtors supply consistent, high quality, and competitively priced products, backed by a flexible and integrated manufacturing base. The Debtors also operate in a highly regulated industry on account of being a public company. The size and complexity of these Chapter 11 Cases provide sufficient cause for the Court to extend the Exclusivity Period and the Exclusive Solicitation Period (collectively, hereinafter the "**Exclusivity Periods**").

**B.     Substantial Good Faith Progress has been Made to Achieve the Objectives of Chapter 11**

15.     Since the Petition Date, the Debtors have made substantial and meaningful progress under chapter 11, including obtaining court approval of the Sale of substantially all of the Debtors' assets, and administering the Chapter 11 Cases efficiently and economically.

16.     In the four months following the Petition Date, the Debtors have, among other things:

- Secured first-day relief to continue operating their businesses including authorization (i) to continue using the existing cash management system, (ii) to pay employee wages, (iii) to maintain and pay insurance policies, (iv) to pay various critical trade vendors, (v) to pay prepetition taxes and fees, (vi) to prohibit utility providers from altering, refusing, or discontinuing service, (vii) maintain and administer existing customer programs, (viii) pay freight forwarders, carriers, and warehousemen, and (ix) to obtain secured post-petition financing;

- Filed the Debtors' schedules of assets and liabilities, statement of financial affairs, and monthly operating reports;

- Maintained and administered the Debtors' customer programs;

- Rejected some leases and executory contracts determined unnecessary to the Debtors' continued business and/or restructuring goals;

- Established a claims bar date; and

- Obtained court approval of the Sale of substantially all of the Debtors' assets.

17.     The Debtors have clearly made progress to achieve the objectives of chapter 11

7

and the requested extensions of the Exclusivity Periods are justified and well deserved.

### C.  The Debtors Need Sufficient Time to Negotiate and Finalize a Plan

18.  As detailed herein, since Petition Date, the Debtors and their professionals have smoothly transitioned into chapter 11 and conducted a successful Sale process.  Considering the progress made, coupled with the Debtors' willingness to work cooperatively with the Committee, Orchids Investment, LLC, and other parties in interest, it is reasonable and appropriate for the Debtors to be granted additional time to negotiate and finalize a chapter 11 plan of liquidation.

### D.  The Debtors are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands

19.  This is the Debtors' first request for an extension of the Exclusivity Periods. The Debtors' conduct in these Chapter 11 Cases, particularly in connection with the ongoing discussions with their stakeholders, demonstrates that the Debtors are acting in a transparent manner and are not seeking an extension of the Exclusivity Periods to artificially delay the administration of these Chapter 11 Cases. To that end, the Debtors, the Committee, and Orchids Investment, LLC continue to work together to try to reach consensus on a proposed plan of liquidation.

### E.  The Debtors are Paying Their Debts as They Come Due and have the Ability to Continue to Do So

20.  Bankruptcy courts considering an extension of exclusivity also may assess a debtor's liquidity and ability to pay costs and expenses of administration. *Adelphia Commc'ns*, 352 B.R. at 587. The Debtors have timely paid quarterly fees to the United States Trustee, and all other administrative obligations in the ordinary course of business. In addition, the Debtors have sufficient liquidity to continue paying administrative expenses as they become due and will continue to make such payments.

**F.      The Requested Extension is in the Best Interests of the Debtors' Estates and Will Not Prejudice Creditors**

21.     The Debtors' requested extension is intended to allow the Debtors to work cooperatively with their key constituents toward the goal of finalizing and file a consensual plan of liquidation in the most cost-efficient manner possible manner. Given the limited extension requested and the circumstances described herein, the extension aligns with the intent and purpose of Bankruptcy Code section 1121 and should be granted.

## CONCLUSION

22.     For the reasons stated herein, the requested extension of the Exclusivity Periods is warranted and necessary to afford the Debtors a meaningful opportunity to continue to pursue the chapter 11 liquidation process as contemplated by the Bankruptcy Code. Accordingly, the Debtors should be afforded a full, fair, and reasonable opportunity to continue to work towards confirmation of a plan of liquidation and the Exclusivity Periods should be extended as requested.

## NOTICE

23.     Notice of this Motion will be given to the following parties: (a) the Office of the United States Trustee; (b) the Prepetition First Lien Lender and DIP Lender; (c) Official Committee of Unsecured Creditors; and (d) all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court: (i) enter the Proposed Order in substantially the same form as that attached as <u>Exhibit A</u>, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: July 29, 2019
      Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

 /s/ Shanti M. Katona
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
bdolphin@polsinelli.com

-and-

Jerry L. Switzer, Jr. (Admitted *Pro Hac Vice*)
150 North Riverside Plaza
Chicago, Illinois 60606
Telephone: (312) 873-3626
Facsimile: (312) 810-1810
jswitzer@polsinelli.com

*Counsel to the Debtors and
Debtors in Possession*