**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ORCHIDS PAPER PRODUCTS COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>Jointly Administered |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO
SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND RULES 6006 AND 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING TERM SHEET, LIMITING NOTICE AND WAIVING ANY STAY**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion to Approve Term Sheet**") for entry of an order (the "**Order**") approving the Term Sheet attached hereto as <u>Exhibit A</u> (the "**Term Sheet**"),[2] pursuant to sections 363 and 365 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and limiting notice pursuant to Bankruptcy Rule 2002(i), and waiving any stay on the effectiveness of the Order. In further support of the Motion to Approve Term Sheet, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion to Approve Term Sheet under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Orchids Paper Products Company, a Delaware corporation (6944), Orchids Paper Products Company of South Carolina, a Delaware corporation (7198), and Orchids Lessor SC, LLC, a South Carolina limited liability company (7298). The location of the Debtors' mailing address is 201 Summit View Drive, Suite 110, Brentwood, Tennessee 37027.

[2] Capitalized terms not defined in this Motion to Approve Term Sheet shall have the meanings ascribed to them in the Term Sheet.

70030893.5

States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion to Approve Term Sheet in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are 11 U.S.C. §§ 363 and 365 and Bankruptcy Rules 2002, 6006, and 9019.

## PROCEDURAL BACKGROUND

3. On April 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Richard S. Infantino, Interim Chief Strategy Officer of Orchids Paper Products Company, in Support of Chapter 11 Petitions and First Day Pleadings*, [Docket No. 19] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

4. On April 3, 2019, the Court entered an order authorizing the joint administration of the Chapter 11 Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 31].

5. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## FACTUAL BACKGROUND

6. On April 1, 2019, Debtors filed the *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the*

*Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Option Agreement and the Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 25].

7. On May 20, 2019, the Court entered the *Order (I) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Enter into the Option Agreement and the Stalking Horse Agreement, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 179].

8. On May 23, 2019, Debtors filed the *Notice of Filing of Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to the Stalking Horse Bidder or Such Other Successful Bidder at Auction* [Docket No. 187].

9. On June 24, 2019, Fabrica de Papel San Francisco, S.A. de C.V. ("**FAPSA**") filed the *Objection and Reservation of Rights of Fabrica de Papel San Francisco, S.A. de C.V. to Notice of Possible Assumption and Assignment of Certain Executory Contracts* [Docket No. 277].

10. On June 25, 2019, FAPSA filed the *Objection of Fabrica de Papel San Francisco, S.A. de C.V. to Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in*

3

*Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Option Agreement and the Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 287] (together with Docket No. 277, collectively the "**FAPSA Objections**").

11. FAPSA sought to recover $8,585,790.33 for orders from Orchids that were then owed and outstanding, and asserting that Debtors were required to cure all defaults and pay other amounts due and owing as a condition to assumption and assignment of the Supply Agreement.

12. The Auction was held on June 27, 2019. Cascades Holding US, Inc. ("**Cascades**") was the successful bidder at the Auction.

13. On July 11, 2019, the Debtors filed the *Debtors' Response to Objection and Reservation of Rights of Fabrica de Papel San Francisco, S.A. de C.V. to Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Objection to Fabrica de Papel San Francisco, S.A. de C.V. to Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Option Agreement and the Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting*

4

70030893.5

*Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 349].

14. On July 15, 2019, the Debtors filed the *Notice of Service of Request for Production of Documents to Fabrica de Papel San Francisco, S.A. de C.V. and Debtors' Interrogatories to Fabrica de Papel San Francisco, S.A. de C.V.* [Docket No. 365].

15. On July 15, 2019, FAPSA filed the *Notice of Service of (i) Fabrica de Papel San Francisco, S.A. de C.V.'s First Set of Interrogatories to the Debtors and (ii) Fabrica de Papel San Francisco, S.A. de C.V.'s First Set of Document Requests to the Debtors* [Docket No. 367].

16. On July 26, 2019, FAPSA filed the *Notice of Deposition of the Debtors Pursuant to Fed. R. Civ. P. 30(b)(6) as Incorporated by Fed. R. Bankr. P. 7030 and 9014* [Docket No. 379].

17. On July 29, 2019, the Debtors filed the *Notice of Service of Debtors' Response to Fabrica de Papel San Francisco, S.A. de C.V.'s First Set of Interrogatories* [Docket No. 381].

18. On July 29, 2019, the Debtors filed the *Notice of Deposition of Fabrica de Papel San Francisco, S.A. de C.V. Pursuant to Fed. R. Civ. P. 30(b)(6) as Incorporated by Fed. R. Bankr. P. 7030 and 9014* [Docket No. 382].

19. On July 31, 2019, the Debtors filed the *Amended Notice of Deposition of Fabrica de Papel San Francisco, S.A. de C.V. Pursuant to Fed. R. Civ. P. 30(b)(6) as Incorporated by Fed. R. Bankr. P. 7030 and 9014* [Docket No. 397].

20. On August 8, 2019, the Debtors filed the *Brief of Debtors in Support of Approving Assumption and Assignment of Certain Executory Contracts with Fabrica de Papel San Francisco, S.A. de C.V.* [Docket No. 427]

5
70030893.5

21. On August 8, 2019, FAPSA filed the *Pre-Hearing Brief of Fabrica de Papel San Francisco, S.A. de C.V.* [Docket No. 428].

## SUMMARY OF THE SETTLEMENT TERMS[3]

22. The Term Sheet between the Debtors, FAPSA, and Cascades includes the following terms: (i) the Supply Agreement will be modified as indicated in § 2 of the Term Sheet (as amended, the "**Amended Supply Agreement**"); (ii) the Amended Supply Agreement will be assumed and assigned to Cascades; (iii) Cascades will pay (subject to adjustment based on accruals and payments) to FAPSA Nine Million Dollars and NO/100 Cents ($9,000,000.00) as a cure payment under the Amended Supply Agreement; (iii) Cascades will pay to FAPSA any additional post-petition amounts owed to FAPSA that are due and payable after Closing; (iv) FAPSA will pay (subject to adjustment based on accruals and payments) to Orchids Mexico One Million Two Hundred Eighty Three Thousand Eighty Six Dollars and Nineteen Cents ($1,283,086.19) owed under the Equipment Lease; (v) the Purchase Agreement will be rejected and terminated; (vi) immediately after the closing, Cascades will cause Orchids Mexico Holdings and Orchids Mexico Member to sell, assign, convey and transfer to FAPSA (or its designee) the right, title, and interest to one-hundred percent (100%) of the equity or other ownership interests in Orchids Mexico for the sum of Twelve Million Dollars ($12,000,000) plus the amount of cash held in the bank accounts of Orchids Mexico at Closing; (vii) Cascades will not purchase any cause of action against FAPSA; (viii) Debtors will release the FAPSA releasees from any and all causes of action; (ix) FAPSA will release Debtors from any and all causes of action; and (x) the parties will bear their own attorneys' fees and costs incurred in connection with the negotiation, execution, and effectuation of the Term Sheet.

---

[3] The summary of the Term Sheet set forth herein is qualified in its entirety by the actual terms of the Term Sheet, which govern in all respects.

70030893.5

**RELIEF REQUESTED AND BASIS FOR RELIEF**

23. The Debtors, FAPSA, and Cascades have reached an agreement to resolve the FAPSA Objections and seek to obtain the approval of the Term Sheet from the Court under sections 363 and 365 of the Bankruptcy Code and Rules 6006 and 9019.

24. Section 363(b)(1) provides that the trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 is the statutory basis governing settlement agreements. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 & n.2 (3d Cir. 1996).

25. Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Martin*, 91 F.3d at 393. As the Third Circuit has emphasized – "to minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Id.* at 393 (quoting 9 Collier on Bankruptcy 9019[1] (15th ed. 1993)).

26. Here, the settlement and the Term Sheet also include the assumption and assignment of the Amended Supply Agreement, the rejection of the Purchase Agreement, and an agreement by Cascades to cause (immediately after the Closing) non-debtor Orchids Mexico Holdings and non-debtor Orchids Mexico Member to sell to FAPSA (or its designee) the right, title, and interest to one hundred percent (100%) of the equity of other ownership interests in Orchids Mexico.

27. Subject to Bankruptcy Court approval, section 365 authorizes a debtor to assume, assume and assign, or reject executory contracts. *See* 11 U.S.C. § 365; *see also* Fed. R. Bankr. P. 6006.

28.     The Debtors in their business judgment believe that the Term Sheet with FAPSA and Cascades is in the best interest of these estates and all creditors and other parties in interest, especially in light of the cost, uncertainty and delay of litigation.

29.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997)). To reach such a determination, the Court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin,* 91 F.3d at 393. In striking this balance, the Court should consider the following factors:

> (a) The probability of success in the litigation;
> (b) The complexity, expense and likely duration of the litigation;
> (c) The possibilities of collecting on any judgment which might be obtained;
> (d) The interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-425 (1968); *see also, Martin,* 91 F.3d at 393. Participation by sophisticated parties is an additional factor that has been considered. *See In re Ionosphere Clubs*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994).

30.     Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry,* 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is to "canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoffi v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2d Cir. 1983), *cert denied*, 464 U.S. 822

(1983); *In re Mavrode*, 205 B.R. 716, 720 (Bankr. D.N.J. 1997); *see also In re Capmark Fin. Grp., Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Applying these standards to this case, the Debtors believe that approval of the Term Sheet is in the best interests of the Debtors' estates and its creditors and is fair and equitable. The Term Sheet was negotiated at arms'-length by sophisticated parties. *See Motorola Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (noting that approval of settlements includes weighing the support of other parties-in-interest and the "competency and experience of counsel" supporting the settlement.). In fact, the Term Sheet resulted after months of negotiation among counsel for the parties. If the Court does not approve the Term Sheet, the Debtors will have to continue to litigate with FAPSA, which is unlikely to generate a larger monetary award than the Settlement Payment.

31. While the Debtors ultimately believe they would prevail in litigating the FAPSA Objections, the litigation involves substantial risk of uncertainty. The Approval of the Term Sheet will eliminate potential costs of litigation and the uncertainty of success weighs in favor of Term Sheet approval. Accordingly, the Debtors are confident that the settlement meets the standards set forth in *In re Martin*, 91 F.3d at 395; *see also TMT Trailer Ferry*, 390 U.S. at 424-425.

32. The Term Sheet results in, *inter alia*, a negotiated payment (subject to adjustment) of $9,000,000.00 to FAPSA based on amounts outstanding as of July 31, 2019. The proposed resolution eliminates attendant risks and costs associated with litigating the FAPSA Objections—including the amount of the cure payment and whether the Supply Agreement is an enforceable contract—to trial or final hearing. Further, it also eliminates the substantial delay in litigating the FAPSA Objections, any claim against the Debtors' estates, and any future issue related to collection of rent owed by FAPSA under the Equipment Lease.

33. The Debtors also believe that assumption and assignment of the Amended Supply Agreement and rejection and termination of the Purchase Agreement is a sound exercise of their business judgment. In fact, the Debtors have no future need for the Purchase Agreement or for the supply of product under the Purchase Agreement.

34. As indicated above, immediately after the Closing, Cascades will cause Orchids Mexico Holdings and Orchids Mexico Member to sell directly to FAPSA (or its designee) the right, title, and interest in 100% of the equity or other ownership interest in Orchids Mexico. The non-debtor parties (Cascades, Orchids Mexico Holdings, Orchids Mexico Member, and FAPSA) to the Term Sheet do not need Court approval to effectuate the transfer of such equity.

## WAIVER OF STAY

35. In addition, the Debtors seek waiver of the 14-day stay set forth in Bankruptcy Rule 6006(d). As the Term Sheet represents a compromise among the parties, there is no reason to delay the effectiveness of the assumption and assignment of the Amended Supply Agreement. Accordingly, the Debtors request that an Order granting this Motion to Approve Term Sheet be effective immediately upon entry.

## CONSENT TO JURISDICTION

36. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Approve Term Sheet if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RESERVATION OF RIGHTS

37. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any

claim. The Debtors expressly reserve their rights to dispute any future claim asserted by FAPSA under applicable law in accordance with the applicable provisions of the Bankruptcy Code.

## LIMITED NOTICE

38. Notice of this Motion to Approve Term Sheet will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Secured Lender and DIP Lender; (c) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors; (d) counsel to Fabrica de Papel San Francisco, S.A. de C.V.; (e) counsel to Cascades Holding US, Inc.; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

39. To the extent that parties who are required to receive notice of this Motion to Approve Term Sheet under Bankruptcy Rule 2002 were not provided notice of this Motion to Approve Term Sheet, the Debtors respectfully request the Court waive the applicable requirement under Bankruptcy Rule 2002(i) because of the active involvement of the Committee. The Committee was consulted regarding each of the Preference Settlements whose approval is sought by the Motion to Approve Term Sheet prior to the Preference Settlements being finalized. Therefore, in light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## NO PRIOR REQUEST

40. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court issue the Order, substantially in the form attached hereto as Exhibit B, granting the relief requested in the Motion to Approve Term Sheet and such other and further relief as may be just and proper.

11

| | |
|---|---|
| Dated: August 14, 2019<br>       Wilmington, Delaware | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/*    *Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>Brenna A. Dolphin (Del. Bar No. 5604)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>skatona@polsinelli.com<br>bdolphin@polsinelli.com<br><br>-and-<br><br>Jerry L. Switzer, Jr. (*Admitted Pro Hac Vice*)<br>150 North Riverside Plaza<br>Chicago, Illinois 60606<br>Telephone: (312) 873-3626<br>Facsimile: (312) 810-1810<br>jswitzer@polsinelli.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |