IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPP LIQUIDATING COMPANY, INC. (f/k/a Orchids Paper Products Company), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10729 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 539** |

**ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURES IN THE SECOND AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT ON AN INTERIM BASIS, (II) SCHEDULING THE CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS, (III) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE SECOND AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT, (IV) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGE, AND (V) <u>APPROVING THE NOTICE PROVISIONS</u>**

Upon consideration of the *Motion of Debtors for an Order (i) Approving the Adequacy of the Disclosures in the Second Amended Combined Plan and Disclosure Statement on an Interim Basis, (ii) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (iii) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Second Amended Combined Plan and Disclosure Statement, (iv) Approving the Form of Ballot and Solicitation Package, and (v) Approving the Notice Provisions* (the "**Motion**");[2] and the Court having reviewed the Motion; and the Court having determined that the relief set forth herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are OPP Liquidating Company, Inc., a Delaware corporation (6944) (f/k/a Orchids Paper Products Company), OPP Liquidating Company of South Carolina, Inc., a Delaware corporation (7198) (f/k/a Orchids Paper Products Company of South Carolina), and OLSC Liquidating Company, LLC, a South Carolina limited liability company (7298) (f/k/a Orchids Lessor SC, LLC).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

70468424.4

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The disclosures set forth in the Second Amended Combined Plan and Disclosure Statement are hereby APPROVED on an interim basis as having adequate information under Bankruptcy Code section 1125, Bankruptcy Rule 3017, and Local Rule 3017-2.

3. The schedule of the following dates is hereby approved:

| | |
|---|---|
| Voting Procedures Hearing Objection Deadline | October 9, 2019 at 4:00 p.m. (ET) |
| Voting Procedures and Interim Disclosure Statement Hearing | October 16, 2019 at 10:30 a.m. (ET) |
| Voting Record Date | The earlier of October 16, 2019 or the entry of the Interim Approval and Procedures Order |
| Deadline to Mail Solicitation Packages and all Notices | Within five (5) business days after entry of the Interim Approval and Procedures Order. |
| Deadline for Debtors to Object to Claims for Voting Purposes Only | November 11, 2019 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | November 18, 2019 at 4:00 p.m. (ET) |
| Deadline for Creditors to File Rule 3018 Motions | November 25, 2019 at 4:00 p.m. (ET) |
| Deadline for Debtors to Respond to Rule 3018 Motions | December 2, 2019 at 4:00 p.m. (ET) |
| Voting Deadline for the Combined Plan and Disclosure Statement | December 2, 2019 at 4:00 p.m. (ET) |
| Combined Plan and Disclosure Statement Objection Deadline | December 2, 2019 at 4:00 p.m. (ET) |

| | |
|---|---|
| Deadline to File Confirmation Brief and Other Evidence Supporting the Combined Plan and Disclosure Statement, and form of Confirmation Order | December 6, 2019 at 4:00 p.m. (ET) |
| Deadline to File Voting Tabulation Affidavit | December 6, 2019 at 4:00 p.m. (ET) |
| Combined Hearing | December 11, 2019 at 10:30 a.m. (ET) |

4. <u>Combined Hearing</u>. The Combined Hearing to consider final approval and Confirmation of the Combined Plan and Disclosure Statement shall commence on **December 11, 2019 at 10:30 a.m. (ET)** before the Honorable Mary F. Walrath, at the United States Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom #4, Wilmington, DE 19801. The Combined Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, and the filing of a notice of the same with the Court, without further notice to parties in interest.

5. <u>Objections to Confirmation</u>. Objections, if any, to the adequacy of the disclosures in the Combined Plan and Disclosure Statement, or Confirmation of the Combined Plan and Disclosure Statement, must be filed and served by **December 2, 2019 at 4:00 p.m. (ET)** (the "**Objection Deadline**"). Objections must:

    a. be in writing;

    b. comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules;

    c. state the name and address of the objecting party and the amount and nature of the Claim or Interest asserted by such party against the Debtors, their estates, or property;

    d. state with particularity the basis and nature of any objection to the Combined Plan and Disclosure Statement; and

    e. be filed with the Court and served before the Objection Deadline on the following parties (collectively, the "**Notice Parties**"): (i) counsel for the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn. Jerry L. Switzer, Jr. and Christopher A. Ward (jswitzer@polsinelli.com; cward@polsinelli.com); (ii) counsel for the DIP Lender, Winston & Strawn LLP, 35 Wacker Dr., Chicago, IL 60601, Attn. Dan McGuire (dmcguire@winston.com); Fox Rothschild LLP, Citizens Bank Center, 919 North

Market Street, Suite 300, Wilmington, DE 19899-2323, Attn. Seth Niederman (sniederman@foxrothschild.com); (iii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207 Wilmington, DE 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov); and (iv) counsel to the Committee, Montgomery McCraken Walker & Rhoads LLP, 1105 North Market Street, 15th Floor, Wilmington, DE 19801, Attn. Marc J. Phillips (mphillips@mmwr.com); Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn. Jennifer Kimble and Gabriel L. Olivera (jkimble@lowenstein.com; golivera@lowenstein.com); Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068, Attn. Kenneth A. Rosen and Mary E. Seymour (krosen@lowenstein.com; mseymour@lowenstein.com).

6. <u>Replies and Briefs in Support of Confirmation</u>. The deadline to file replies to objections, if any, and briefs in support of the Combined Plan and Disclosure Statement shall be December 6, 2019 at 4:00 p.m. (ET).

7. If the Debtors have filed and served an objection as to the amount, classification or allowance of a Claim by no later than November 11, 2019, such Claim will be temporarily allowed, disallowed or reclassified for voting purposes as if the relief requested in the objection were granted, except as provided in paragraph 8 below regarding claims subject to Bankruptcy Rule 3018(a) motions.

8. <u>Temporary Allowance of Claims</u>. If any creditor seeks to challenge the allowance or disallowance of its claim for voting purpose, such creditor shall file with this Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim for voting purposes in a different amount by no later than November 25, 2019 at 4:00 p.m. (ET) (the "**Rule 3018(a) Motion Deadline**"). A Rule 3018(a) Motion must:

    a. be in writing;

    b. comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules;

    c. state the name and address of the party asserting the Rule 3018(a) Motion;

    d. state with particularity the legal and factual bases for the Rule 3018(a) Motion; and

4

  e. be filed with the Court and served on the Notice Parties by no later than the Rule 3018(a) Motion Deadline.

9. Any party who timely files a Rule 3018(a) Motion shall be provided a Ballot by overnight mail, to be served by the Debtors' claims agent no later than one business day after the Rule 3018(a) Motion is filed, and permitted to cast a provisional vote to accept or reject the Combined Plan and Disclosure Statement. To the extent that the Debtors are unable to resolve the issues underlying the Rule 3018(a) Motion before the Combined Hearing, such motion shall be considered by the Court at the Combined Hearing. The Court shall then determine whether the provisional Ballot should be counted as a vote on the Combined Plan and Disclosure Statement and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.

10. <u>Voting Procedures</u>. Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

  a. Holders of Claims who have filed a timely Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection filed by November 11, 2019 at 4:00 p.m. (ET), other than a "reduce and allow" objection. A Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further Order of the Court;

  b. Holders of Claims who are listed in the Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

  c. Holders of Claims temporarily allowed to vote on the Combined Plan and Disclosure Statement pursuant to Bankruptcy Rule 3018(a);

  d. Holders of Claims whose Claims are in an amount agreed upon by the Debtors evidenced in a document filed with the Court, in an Order entered by the Court, or otherwise memorialized document pursuant to authority granted by the Court; and

  e. the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e).

70468424.4

11. <u>Voting Record Date</u>. The Voting Record Date shall be the earlier of (a) October 16, 2019; or (b) the date of entry of this Interim Approval and Procedures Order.

12. <u>Confirmation Hearing Notice</u>. The Confirmation Hearing Notice, substantially in the form attached hereto as <u>Exhibit 1</u> is approved as it complies with the requirements of Bankruptcy Rules 2002(b) and (d), and 3017(d).  Within five business days after the Court enters this Order, the Debtors shall mail, or cause to be mailed, by first-class mail, the Confirmation Hearing Notice to all parties in interest, including: (a) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases; (b) counsel to the Buyer; (c) counsel to the Committee; (d) the U.S. Trustee; (e) state and local taxing authorities for jurisdictions in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the United States Attorney for the District of Delaware;(j) all holders of claims or interests against the Debtors, whether in Voting Classes or  in the Non-Voting Classes, or unclassified; (k) all persons or entities listed on the Debtors' creditor mailing matrix; (l) all federal, state and local authorities that regulate any portion of the Debtors' business; and (m) all counterparties to executory contracts and leases.

13. In addition to receiving the Confirmation Hearing Notice, the following parties also shall be provided with copies of the Combined Plan and Disclosure Statement and all exhibits annexed thereto, and this Order *with* all exhibits annexed thereto: counsel to the Committee; the U.S. Trustee; the Internal Revenue Service;  state and local taxing authorities for jurisdictions in which the Debtors conduct business; the Securities and Exchange Commission; the United States Attorney for the District of Delaware; all federal, state and local authorities that regulate any aspect of the Debtors' business; and all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases.

14. <u>Notice of Non-Voting Status for Deemed to Accept Classes</u>. The Debtors are not required to transmit Solicitation Packages to Holders of Claims in Class 1 (First Lien Claims), Class 2 (Other Secured Claims), or Class 3 (Priority Claims), (collectively, the "**Non-Voting Deemed to Accept Classes**"). Within five business days after the Court enters this Order, the Debtors shall mail, or cause to be mailed, by first-class mail, to all Holders of Claims in Non-Voting Deemed to Accept Classes, a package which contains:

   a. the Notice of Non-Voting Status (Deemed to Accept); and
   b. the Confirmation Hearing Notice.

15. <u>Notice of Non-Voting Status for Deemed to Reject Classes</u>. Within five business days after the Court enters this Order, the Debtors shall mail, or cause to be mailed, by first-class mail, to all Holders of Interests in Non-Voting Classes, a package which contains:

   a. the Notice of Non-Voting Status (Deemed to Reject);
   b. the Confirmation Hearing Notice; and
   c. the Combined Plan and Disclosure Statement and all exhibits annexed thereto.

16. <u>Solicitation Packages</u>. Within five business days after the Court enters this Order, the Debtors shall mail, or cause to be mailed, by first-class mail, the Solicitation Packages. The Solicitation Packages will be comprised of:

   a. the Combined Plan and Disclosure Statement and all exhibits annexed thereto;
   b. the Interim Approval and Procedures Order, excluding the exhibits annexed thereto;
   c. the Confirmation Hearing Notice;
   d. an appropriate Ballot, including voting instructions and a pre-addressed, postage prepaid return envelope; and
   e. such other materials as the Court may direct.

17. Debtors are authorized to provide electronic copies of the Combined Plan and Disclosure Statement and all exhibits annexed thereto in electronic form by mailing, or causing to be mailed, a flash drive containing such documents. All other documents in the Solicitation Packages shall be mailed in paper format.

18. Printed copies of the documents in the Solicitation Packages may be obtained (a) at no charge through the Case Website, https://cases.primeclerk.com/orchidspaper/, maintained by the Claims and Balloting Agent; (b) at no charge to Holders of Claims and Interests upon requests to the Claims and Balloting Agent by emailing orchidsballots@primeclerk.com or calling (844) 205-7430; or (c) for a charge, from PACER. The Claims and Balloting Agent shall create a tab on the Case Website titled "Plan and Disclosure Statement," which shall include all plan related documents, including the Combined Plan and Disclosure Statement, this Order, all Notices related to the Plan, and, once it is filed, the Plan Supplement.

19. <u>Publication Notice</u>. The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as <u>Exhibit 5</u>, at least twenty-eight days prior to the Combined Hearing.

20. <u>Voting Deadline</u>. In order to be counted, Ballots for accepting or rejecting the Combined Plan and Disclosure Statement must be received by the Claims and Balloting Agent by **4:00 p.m. (ET) on December 2, 2019** (the "**Voting Deadline**"). Each Ballot must be properly delivered to the Debtors' Claims and Balloting agent by either (i) first class mail, overnight courier, or hand delivery to the Claims and Balloting Agent at the following address: Orchids Paper Products Company Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, or (ii) online transmission through the Claims and Balloting Agent's customized E-Ballot Portal.

21. <u>Tabulation Procedures</u>. The following procedures shall apply in the tabulation of Ballots. The following Ballots will not be counted or considered:

   a. any Ballot received after the Voting Deadline, unless the Court grants an extension to the Voting Deadline with respect to such Ballot;

   b. any Ballot that is illegible or contains insufficient information;

   c. any Ballot cast by a Person or Entity that does not hold a Claim in the Class that is entitled to vote to accept or reject the Combined Plan and Disclosure Statement;

   d. any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Combined Plan and Disclosure Statement or that indicates both acceptance and rejection of the Combined Plan and Disclosure Statement;

   e. simultaneous duplicative Ballots voted inconsistently;

   f. Ballots partially rejecting and partially accepting the Combined Plan and Disclosure Statement;

   g. any Ballot received other than the official form sent by the Claims and Balloting Agent;

   h. any unsigned ballot; or

   i. any ballot that is submitted by facsimile.

22. The following additional Tabulation Procedures shall apply:

   a. For purposes of the numerosity and amount requirements of Bankruptcy Code Section 1126(c), based on the Debtors' reasonable determinations with respect to the Voting Class, separate Claims held by a single Creditor against the Debtors within the same Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in such Voting Class, and the votes related to those Claims shall be treated as a single vote on the Combined Plan and Disclosure Statement.

   b. The method of delivery of Ballots to be sent to the Claims and Balloting Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Balloting Agent actually receives the original executed Ballot. Delivery of a Ballot by electronic submission through the Balloting Agent's E-Ballot platform is valid provided such submission complies with the instructions to submit such E-Ballot detailed herein and on the applicable Ballot.

c. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect such Holder's intent and will supersede and revoke any prior Ballot.

d. If a Proof of Claim contains any amount that is either or both contingent or unliquidated, as determined by the Debtors in their reasonable discretion, then any vote cast on account of such Claim shall only be tabulated with respect to the non-contingent and liquidated amount set forth in the Proof of Claim, as determined by the Debtors in their reasonable discretion, or $1.00 if no portion of the Claim is determined to be non-contingent and liquidated.

e. Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Combined Plan and Disclosure Statement, and may not split their vote(s).

f. In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Claims and Ballot Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

g. Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Combined Plan and Disclosure Statement may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Claims and Ballot Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; and (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn. The Debtors intend to consult with the Claims and Ballot Agent to determine whether any withdrawals of Ballots were received and whether the requisite acceptances of the Plan have been received. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

h. A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of a Claim must indicate such capacity when signing.

i. Neither the Debtors, nor any other Entity, will be under a duty to provide notification of defects or irregularities with respect to delivered Ballots, other than as provided in the Voting Report, nor will any of them incur liability for failure to provide such notification.

70468424.4

  j. Unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, or such Ballots will not be counted.

  k. The Claims and Balloting Agent will date-stamp all Ballots when received. The Claims and Ballot Agent shall retain the original Ballots and electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Court.

23. The Debtors are authorized to waive any of the above-specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

24. <u>Voting Report</u>. The Claims and Balloting Agent shall file the Voting Report on or before December 6, 2019. The Voting Report will contain, among other things: the voting results on a consolidated basis; a certification of the amount and number of Allowed Claims in each Class accepting or rejecting the Combined Plan and Disclosure Statement; and delineating every Ballot which does not conform to the Tabulation Procedures.

25. <u>Service and Notice Adequate and Sufficient</u>. Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

26. The Debtors are authorized to make non-substantive or immaterial changes to the Combined Plan and Disclosure Statement and related documents without further order of the Court, including, but not limited to: changes to correct typographical and grammatical errors, and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials comprising the Solicitation Packages.

27. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Order.

**Dated: October 18th, 2019**
**Wilmington, Delaware**

70468424.4

12

*/s/ Mary F. Walrath*
**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**